IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PETER GAKUBA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 22-cv-00843-SMY |
| | ) |
| **APRIL WAMPLER,** | ) |
| **MICHELLE NEESE,** | ) |
| **AREDA JOHNSON,** | ) |
| **MS. HELREGEL,** | ) |
| **BAHRAT SHAH,** | ) |
| **DAVID RAINS, and** | ) |
| **JAKE BROOKHART,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Peter Gakuba is a former inmate of the Illinois Department of Corrections ("IDOC"), now on parole. He filed the instant *pro se* lawsuit pursuant to 42 U.S.C. § 1983 on April 27, 2022, for alleged deprivations of his constitutional rights that occurred while he was incarcerated at Robinson Correctional Center in 2019. Plaintiff's original Complaint was dismissed for failing to comply with the Federal Rules of Civil Procedure for pleading. (Doc. 7). Plaintiff timely submitted his First Amended Complaint (Doc. 10) and seeks leave to proceed *in forma pauperis* ("IFP") in this action. (Doc. 2).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating, "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The Court is satisfied from the affidavit submitted by Plaintiff that he is indigent. (Doc. 2). But the Court's inquiry does

not end there because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of a complaint filed by a plaintiff seeking to proceed IFP. The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

### The First Amended Complaint

Plaintiff makes the following allegations in his pleading (Doc. 10): He initially brought his claims in *Gakuba v. Wampler*, No. 19-cv-1272-SMY (S.D. Ill. case opened November 19, 2019 after severance). That case was severed from *Gakuba v. Swells*, No. 19-cv-1081-SMY (S.D. Ill. filed October 4, 2019). After the severance, Plaintiff voluntarily dismissed Case No. 19-cv-1272 because he lacked the resources to pursue it.[1] (Doc. 10, pp. 1-2).

On September 4, 2019, Plaintiff was transferred involuntarily from the air-conditioned Robinson prison to Vienna Correctional Center where he was subjected to scorching heat in an older facility that lacked air conditioning. (Doc. 10, pp. 4-5). The transfer was in retaliation for his many grievances and lawsuits filed while at Robinson, and in particular, a case he filed in April 2019 (*Gakuba v. Rains*, No. 19-cv-437-NJR (S.D. Ill.)), which was served on Defendants Rains and Neese in July 2019.

In mid-July 2019, Defendant Wampler initiated paperwork to transfer Plaintiff away from Robinson. This move was retaliatory because (1) he was the only prisoner transferred to Vienna that day and normally 6-12 prisoners are moved together; (2) in December 2018, Wampler's attempt to transfer Plaintiff to Vienna was denied, and (3) Plaintiff was unable to identify any other prisoner at Vienna who was transferred there after first getting a transfer denial as he had. (Doc.

---

[1] The Court dismissed Case No. 19-cv-1272-SMY on January 29, 2020 on Plaintiff's motion. Plaintiff later voluntarily dismissed the original Case No. 19-cv-1081-SMY in June 2020.

2

10, p. 6).

Plaintiff has a documented history of heat strokes making air conditioning necessary; he ultimately suffered a heat stroke after the transfer to Vienna. (Doc. 10, pp. 5, 8). Plaintiff also needs a mattress pad and bed with springs (not a slab) due to a back injury and has a known diagnosis of Aspergers' Syndrome. (Doc. 10, pp. 5, 7).

Plaintiff suffered a nervous breakdown on August 30, 2019 after receiving only a five-day notice of the upcoming transfer. (Doc. 10, p. 7). Defendants Helregel (psychotherapist) and Shah (medical doctor) dismissed Plaintiff's complaints of chest pain, dizziness, nausea, and fatigue. *Id.* Brookhart avoided Plaintiff's request to speak to him about the transfer.

Prior to the transfer, Plaintiff proposed to Defendant Johnson (the Assistant Attorney General for defendants in *Gakuba v. Rains*, No. 19-cv-437-NJR) that he would dismiss that lawsuit in exchange for halting his involuntary transfer to Vienna, but Johnson declined to advise her client to settle the case in that manner. (Doc. 10, p. 8).

Plaintiff seeks monetary damages. (Doc. 10, pp. 11-15).

Based on the allegations in the First Amended Complaint and Plaintiff's articulation of his claims, the Court designates the following claims in this *pro se* action:

> Count 1: First Amendment retaliation claim against Wampler, Rains, Brookhart, and Neese, in conspiracy with Johnson, Helregel, and Shah, for transferring Plaintiff from Robinson to Vienna in September 2019 because of his grievances and lawsuits.
>
> Count 2: Fourteenth Amendment due process and equal protection claims against Wampler, Rains, Brookhart, and Neese, in conspiracy with Johnson, Helregel, and Shah for singling out Plaintiff for transfer from Robinson to Vienna in September 2019.
>
> Count 3: Eighth Amendment deliberate indifference claim against Wampler, Rains, Brookhart, and Neese, in conspiracy with Johnson, Helregel, and Shah, for causing Plaintiff to have a nervous breakdown by implementing and/or allowing the retaliatory transfer to Vienna and

|  |  |
|---|---|
|  | then failing to provide Plaintiff with any medical treatment. |
| Count 4: | Conspiracy claim under 42 U.S.C. § 1985 against Wampler, Rains, Brookhart, and Neese, in conspiracy with Johnson, Helregel, and Shah, for acting together to deny Plaintiff his federal and state statutory and constitutional rights by implementing and refusing to reverse the retaliatory prison transfer. |
| Count 5: | State law tort claim for medical negligence and/or malpractice against Wampler, Rains, Brookhart, and Neese, in conspiracy with Johnson, Helregel, and Shah, for causing Plaintiff to have a nervous breakdown by implementing and/or allowing the retaliatory transfer to Vienna and then failing to provide Plaintiff with any medical or mental health treatment. |
| Count 6: | State law tort claim for intentional infliction of emotional distress against Wampler, Rains, Brookhart, and Neese, in conspiracy with Johnson, Helregel, and Shah, for the conduct described in Counts 1-5. |
| Count 7: | State law indemnification claim under 745 ILCS 10/9-102 for payment of any tort judgment entered against the Defendants who are employees/agents of the Illinois Department of Corrections for the conduct described in Counts 1-6. |

Any other claim that is mentioned in the Complaint but not addressed in this Order shall be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

### Preliminary Dismissals

Plaintiff seeks to hold Defendant Areda Johnson, an Illinois Assistant Attorney General, liable for civil rights violations arising out of her representation of prison officials in a previous case brought by Plaintiff in this Court. However, Johnson "is entitled to absolute immunity in defending the government in civil litigation." *Agrawal v. Pallmeyer*, 313 F. App'x 866, 867-68 (7th Cir. 2009) (citing *Spear v. Town of W. Hartford*, 954 F.2d 63, 66 (2d Cir. 1992); *Auriemma*

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

4

*v. Montgomery*, 860 F.2d 273, 275-76 (7th Cir. 1988)). Accordingly, all claims against Johnson will be dismissed.

In each of the counts listed above, Plaintiff alleges that all Defendants acted in conspiracy with one another to violate his rights. At a minimum, to present a claim for a conspiracy, a plaintiff must "demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 304-05 (7th Cir. 2011). Mere conclusory allegations that Defendants conspired with each other are insufficient. Here, Plaintiff attempts to tie all named Defendants to each of his claims by labeling Wampler, Rains, Brookhart, and Neese as "conspirators" and alleging that they acted "in conspiracy with Johnson and Helregel and Shah while acting individually, jointly, and/or in conspiracy with each other." (Doc. 10, pp. 11-15). But he includes no facts that would suggest a meeting of the minds among these defendants or that they "had an understanding to achieve the conspiracy's objectives." *See Sow*, 636 F.3d at 305. This conclusory language, unsupported by facts, is not sufficient to plead a conspiracy claim against all the defendants in each count above. Accordingly, certain claims will be dismissed without prejudice as discussed below.

## Discussion

### Count 1

Plaintiff states a viable retaliation claim against Defendants Rains, Wampler, Brookhart and Neese for transferring him from Robinson to Vienna. The factual allegations in the First Amended Complaint indicate that these officials were involved in the transfer decision. And Rains and Neese were defendants in Plaintiff's earlier lawsuit that he alleges triggered the retaliatory transfer (Case No. 19-cv-437-NJR).

However, the statement of facts does not indicate that Helregel and Shah, who are mental

health and medical providers, played any role in the transfer decision. Accordingly, Count 1 will proceed against Rains, Wampler, Brookhart and Neese only. Helregel and Shah are dismissed from Count 1.

### Count 2

This Fourteenth Amendment equal protection claim against Wampler, Rains, Brookhart, and Neese, for singling Plaintiff out for transfer may proceed under the "class of one" rationale. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). However, Helregel and Shah are dismissed from Count 2 for the reason explained in Count 1 above.

### Count 3

Plaintiff may proceed against Wampler, Rains, Brookhart, and Neese on his Eighth Amendment deliberate indifference claim that they caused his nervous breakdown by transferring him to Vienna despite their knowledge that the conditions there would cause him physical harm due to his known medical and mental health conditions. Count 3 may also proceed against Helregel and Shah for failure to provide Plaintiff with treatment when he suffered the nervous breakdown on August 30, 2019.

### Count 4

Plaintiff's 42 U.S.C. § 1985 conspiracy claim against Wampler, Rains, Brookhart, and Neese cannot proceed. Under the intracorporate conspiracy doctrine, a § 1985 conspiracy claim "cannot exist solely between members of the same entity." *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999) (citing *Wright v. Ill. Dep't of Children and Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994)). These defendants are all members of the same entity – IDOC. Because Plaintiff offers only conclusory allegations that Helregel and Shah formed a

conspiracy with the other defendants, Count 4 is dismissed against all defendants.

### Count 5

This Court may exercise supplemental jurisdiction over the state law claims because they involve the same facts as the federal claims. *See* 28 U.S.C. § 1367(a). Plaintiff's state law tort claim for medical negligence may proceed at this juncture against mental health provider Helregel and medical provider Shah for their alleged failure to treat Plaintiff for his nervous breakdown. However, Wampler, Rains, Brookhart, and Neese are not medical professionals and are dismissed from Count 5.

### Count 6

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant(s) intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006). Plaintiff's claim for intentional infliction of emotional distress survives threshold review and may proceed against Wampler, Rains, Brookhart, and Neese for the conduct described in Counts 1-3, and against Helregel and Shah for the conduct described in Counts 3 and 5.

### Count 7

Plaintiff bases this indemnification claim on 745 ILCS 10/9-102, seeking payment under this statute in the event he obtains a tort judgment against the defendants who are employees/agents of IDOC. However, by its own terms, 745 ILCS 10/9-102 does not apply to state agencies or their employees – it applies only to a "local public entity." The definition of "local public entity" specifically excludes "the State or any office, officer, … or similar agency of the State." 745 ILCS 10/1-206. Defendants are excluded from this definition. Accordingly, Count 7 is dismissed with

prejudice.

### Disposition

Plaintiff's Motion to Proceed IFP (Doc. 2) is **GRANTED.**

The Complaint states colorable claims in Counts 1 and 2 against Rains, Wampler, Brookhart, and Neese; in Counts 3 and 6 against Rains, Wampler, Brookhart, Neese, Helregel, and Shah; and in Count 5 against Helregel and Shah.  Count 4 is **DISMISSED without prejud**ice.  Count 7 and Defendant Areda Johnson are **DISMISSED with prejudice**.

The Clerk of Court shall prepare for April Wampler, Michelle Neese, Ms. Helregel, Bahrat Shah, David Rains, and Jake Brookhart: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 10), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).[3]

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the First Amended Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  March 28, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.

---

[3] Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.