IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER GAKUBA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 22-cv-00843-SMY |
| ) | |
| APRIL WAMPLER, ) | |
| MICHELLE NEESE, ) | |
| MS. HELREGEL, ) | |
| BAHRAT SHAH, ) | |
| DAVID RAINS, and ) | |
| JAKE BROOKHART, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff Peter Gakuba's Motion for Court-Recruited Counsel (Doc. 58). Plaintiff rails against what he labels the "American injustice system" and its allegedly poor treatment of *pro se* litigants. He complains that he has been "blackballed by all the court officers in Illinois" and has been the victim of a "legal lynching" that justifies the granting of his motion as a matter of law.[1] He cites his kidney failure and a computer breakdown that corrupted his files as reasons to grant his motion and states that he has contacted numerous

---

[1] In another pending case in this Court, Plaintiff has been warned against filing pleadings that contain "irrelevant, inflammatory, insulting, and inappropriate commentary and/or raise frivolous issues," such as referencing his alleged wrongful conviction and complaining about the "malfunctional justice system." *Gakuba v. Swells*, Case No. 20-cv-277-SMY (S.D. Ill., Doc. 96, May 5, 2022). Plaintiff was ordered to "refrain from filing any more pleadings containing gratuitous language that is insulting toward the court, other parties, or others," and was warned that such filings would be stricken. *Id.* The present motion contains irrelevant material related to Plaintiff's alleged wrongful conviction and alleged false imprisonment, irrelevant commentary about his correspondence with a reporter about unrelated cases and the news media, as well as inappropriate and insulting commentary about the American justice system and the Illinois courts. The Court would be well within its discretion to strike the instant motion in accordance with the Order in Case No. 20-cv-277-SMY. Because the motion fails on its merits, the Court has decided not to strike it.

1

attorneys seeking representation without success.

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  However, there is no constitutional or statutory right to counsel in federal civil cases.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).  In determining whether to recruit counsel, the Court considers whether the *pro se* party has made reasonable efforts to secure counsel on his own and his ability to litigate the case on his own.  *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).  It is unclear whether Plaintiff has met the first requirement because he did not submit copies of any of his letters to attorneys or the responses he received.

As to the second requirement, it appears that Plaintiff is competent to litigate the case himself at this juncture.  *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).  There are two motions currently before the Court which involve straightforward matters:  Whether Plaintiff has correctly identified Defendant Dr. Bahrat Shah as the physician at Robinson Correctional Center when his claims arose (Docs. 34, 51); and whether the statute of limitations bars Plaintiff's claims (Doc. 48).  Plaintiff is an experienced litigator in this Court and other federal courts.  *See Gakuba v. Swells*, Case No. 20-cv-277-SMY (S.D. Ill., Doc. 96, May 5, 2022).  He is a college graduate who was accepted to the Peabody Music Conservatory at age 10, to Johns Hopkins at age 14 and to Stanford at age 15.  *Id.*; (Doc. 58, pp. 3-4).  His pleadings and motions are clearly written and demonstrate his ability to research and cite materials supporting his positions, to understand the factual and legal issues in the case, and to advocate on his own behalf.

Plaintiff has been granted a generous extension of time to respond to the pending motions and the related request for admissions.  Should he encounter difficulties with self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel.  If Plaintiff chooses to renew his request, he should submit rejection letters from at least 3 attorneys to demonstrate

that he has made reasonable efforts to obtain counsel on his own.[2]

Plaintiff's Motion for Court-Recruited Counsel (Doc. 58) is **DENIED.** The Clerk of Court is **DIRECTED** to attach a copy of the Order at Doc. 96 in *Gakuba v. Swells*, Case No. 20-cv-277-SMY (S.D. Ill. May 5, 2022) as an exhibit to this Order, for Plaintiff's information.

**IT IS SO ORDERED.**

DATED:  July 25, 2023

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[2] In light of the Court's repeated warnings, any future motion that includes irrelevant and inappropriate material will be stricken.