IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER GAKUBA,              ) | |
|                            ) | |
|     Plaintiff,             ) | |
| vs.                        ) | Case No. 22-cv-00843-SMY |
|                            ) | |
| APRIL WAMPLER,             ) | |
| MICHELLE NEESE,            ) | |
| MS. HELREGEL,              ) | |
| DAVID RAINS, and           ) | |
| JAKE BROOKHART,            ) | |
|                            ) | |
|     Defendants.            ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Motion for Judgment on the Pleadings filed by Defendants Neese, Wampler, Brookhart, and Rains (Doc. 48). Plaintiff did not respond to the motion.[1]

### BACKGROUND

Plaintiff's claims in this case arose in July-September 2019, while he was incarcerated at Robinson Correctional Center (Docs. 10, 11). He was released from custody before he filed this case (Doc. 1). On March 28, 2023, upon review of Plaintiff's First Amended Complaint, the Court allowed him to proceed against Wampler, Rains, Brookhart, and Neese on claims of retaliation for transferring Plaintiff on September 4, 2019 from Robinson Correctional Center to Vienna Correctional Center (Count 1); due process and equal protection violations for singling out Plaintiff

---

[1] Defendants' motion was filed on June 12, 2023. Plaintiff Gakuba's response was originally due on July 12, 2023, and the Court extended his deadline to August 16, 2023 (Doc. 54). However, on July 28, 2023, the U.S. Court of Appeals, Seventh Circuit, imposed a filing ban on Plaintiff in *Gakuba v. Maher*, Appeal No. 22-3267 (Doc. 20 in that case). All federal courts in the Seventh Circuit are directed to return unfiled any papers submitted by Gakuba in non-habeas civil cases. The ban will be lifted when Gakuba makes full payment of the appellate filing fees for Appeal No. 22-3267.

1

for transfer (Count 2); deliberate indifference to Plaintiff's need for treatment of a nervous breakdown (Count 3); and related state law tort claims (Counts 5 and 6) (Doc. 11).[2]

Plaintiff noted in his pleading that he had initially brought these claims in *Gakuba v. Wampler*, Case No. 19-cv-1272-SMY, which was opened on November 19, 2019, after the claims were severed from *Gakuba v. Swells*, Case No. 19-cv-1081-SMY (S.D. Ill. filed Oct. 4, 2019) (Doc. 10, pp. 1-2; Doc. 11, p. 2).[3] He voluntarily dismissed the severed Case No. 19-cv-1272-SMY and it was closed on January 29, 2020. Plaintiff filed the instant case on April 27, 2022 (Doc. 1).

### THE MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 48)

The movants invoke Federal Rules of Civil Procedure 12(b)(6), 12(c), 12(d), and 56(a). They argue that Plaintiff's claims against them are barred by the statute of limitations because he did not re-file his claims until approximately 27 months after he voluntarily dismissed the same claims in *Gakuba v. Wampler*, Case No. 19-cv-1272-SMY. They further assert that the instant case was not filed within the two-year statute of limitations, based upon the date Plaintiff's claims arose – September 4, 2019.

### LEGAL STANDARDS

A statute of limitations defense can be raised in a Rule 12(b)(6) motion to dismiss if the allegations in the complaint contain everything needed to satisfy the affirmative defense. *Indep. Trust Corp. v. Stewart Infor. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); FED. R. CIV. P. 12(b)(6). Rule 12(c) governs motions for judgment on the pleadings, and Rule 12(d) directs that

---

[2] Counts 3, 5, and 6 also include Defendant Helregel. Former Defendant Shah was dismissed from this case on December 14, 2023 (Doc. 63).
[3] The Order severing Plaintiff's claims into Case No. 19-cv-1272-SMY is found at Doc. 1 in that case. Five counts were severed, including the retaliatory transfer claim against Wampler, Neese, and one other defendant; the equal protection claim against Wampler and Neese; the deliberate indifference claim against Helregel; and a medical negligence/malpractice claim against Helregel.

if matters outside the pleadings are presented in a 12(b)(6) or 12(c) motion, the court is to treat the motion as one for summary judgment under Rule 56.  Here, Plaintiff's First Amended Complaint (Doc. 10) includes facts relevant to the statute of limitations but information outside that pleading (the docket sheets from the voluntarily dismissed case and the present action) is needed to resolve this issue.  Rule 56 thus provides the applicable legal standard.

Under Rule 56, summary judgment is proper only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012).  The moving party has the burden of establishing that no material facts are genuinely disputed.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).  Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party.  *Lawrence*, 391 F.3d at 841.

## DISCUSSION

Section 1983 claims borrow the statute of limitations for personal injury torts from the state in which the alleged violation occurred.  *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998).  Illinois' applicable statute of limitations is two years.  *Kalimara v. Illinois Dep't of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989).  Federal law determines the date of accrual for calculating the two-year period.  *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992).  "Generally, a claim accrues when the plaintiff knows or has reason to know of the injury giving rise to the cause of action."  *Id*.

The Illinois tolling rule is also relevant when a plaintiff has voluntarily dismissed a case.  Under the tolling rule, a plaintiff may commence a new action raising the voluntarily dismissed claims within one year of the dismissal, or within the remaining period of limitation, whichever is

3

greater.  *Palka v. City of Chicago*, 662 F.3d 428, 433-34 (7th Cir. 2011) (citing 735 Ill. Comp. Stat. 5/13-217); *Norfleet v. Gaetz*, 820 F. App'x 464, 468-69 (7th Cir. 2020).

It is undisputed that Plaintiff's prison transfer took place on September 4, 2019.  Therefore, his claims accrued on that date (Doc. 10, p. 4; Doc. 49, p. 2).  As such, Plaintiff's two-year statute of limitations expired on September 4, 2021.  Additionally, Plaintiff voluntarily dismissed the predecessor case on January 29, 2020.  *Gakuba v. Wampler*, Case No. 19-cv-1272-SMY (Doc. 11 in that case).  Therefore, under the Illinois tolling rule, Plaintiff had until January 29, 2021 to refile the voluntarily dismissed claims.  Because Plaintiff did not file this case until April 27, 2022, it was untimely under both applicable deadlines.

## Conclusion

For the foregoing reasons, the Motion for Judgment on the Pleadings (Doc. 48) is **GRANTED**.  Defendants Wampler, Rains, Brookhart, and Neese, and the claims against them in Counts 1, 2, 3, and 6, are **DISMISSED with prejudice**.  The Clerk of Court is **DIRECTED** to terminate Defendants Wampler, Rains, Brookhart, and Neese from this case.[4]

**IT IS SO ORDERED.**

**DATED:  January 12, 2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[4] The remaining claims in this case are against Defendant Helregel: Count 3 for deliberate indifference; Count 5 for medical negligence/malpractice; and Count 6 for intentional infliction of emotional distress.  Helregel timely filed her Answer (Doc. 40).  A separate scheduling order will be entered to govern the next steps in this matter.