IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER GAKUBA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CV-843-SMY |
| | ) |
| SHARON HELREGEL, et al, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Peter Gakuba, formerly an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983[1] for alleged deprivations of his constitutional rights while he was incarcerated in 2019. The case is now before the Court for consideration of the Defendant Sharon Helregel's Motion for Summary Judgment (Doc. 66). Plaintiff, under a filing ban, did not respond.[2] For the following reasons, the motion is **GRANTED**.

## Factual Background

Construed in the light most favorable to Plaintiff, the evidence and reasonable inferences establish the following facts relevant to the pending motion: Plaintiff is proceeding on claims related to Defendant Helregel's alleged failure to provide him with treatment following a nervous breakdown (from August 30, 2019 to September 4, 2019) (Doc. 11, pp. 3-4, 6-8).

---

[1] Plaintiff had been released from custody when he filed this case (Doc. 1).
[2] On July 28, 2023, the U.S. Court of Appeals, Seventh Circuit, imposed a filing ban on Plaintiff in *Gakuba v. Maher*, Appeal No. 22-3267 (Doc. 20 in that case). All federal courts in the Seventh Circuit were directed to return unfiled any papers submitted by Gakuba in non-habeas civil cases. The ban will be lifted when Gakuba makes full payment of the appellate filing fees for Appeal No. 22-3267. This Court invited Gakuba to submit a copy of any Order modifying or rescinding the ban, but none has been submitted to date (Doc. 65).

Plaintiff originally asserted these claims in *Gakuba v. Wampler*, No. 19-cv-1272-SMY, filed on November 19, 2019, but voluntarily dismissed that case on January 29, 2020 (Doc 11, p. 2). He filed the instant case on April 27, 2022 (Doc. 1).

## Discussion

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue as to any material fact — that is where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986). If the evidence is merely colorable or is not sufficiently probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

Section 1983 claims borrow the statute of limitations for personal injury torts from the state in which the alleged violation occurred. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). Illinois' applicable statute of limitations is two years. *Kalimara v. Illinois Dep't of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). Federal law determines the date of accrual for calculating the two-year period. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). "Generally, a claim accrues when the plaintiff knows or has reason to know of the injury giving rise to the cause of action." *Id*. When a plaintiff voluntarily dismisses a suit in Illinois, the Illinois tolling rule allows the plaintiff to commence a new action that raises the voluntarily dismissed claim within one year of the dismissal, or within the remaining period of limitation, whichever is greater. *Palka v. City of Chicago*, 662 F.3d 428, 433-34 (7th Cir. 2011), citing 735 Ill. Comp. Stat. 5/13-217.

Plaintiff's alleged nervous breakdown and Defendant Helregel's alleged failure to provide treatment took place between August and September 4, 2019.  Therefore, Plaintiff's two-year statute of limitations expired at the latest on September 4, 2021. Relatedly, Plaintiff voluntarily dismissed the predecessor case on January 29, 2020.  *Gakuba v. Wampler*, Case No. 19-cv-1272-SMY (Doc. 11 in that case).  Thus, he had until January 29, 2021, to refile the voluntarily dismissed case under the Illinois tolling rule.  Plaintiff's Complaint, filed on April 27, 2022, was untimely.

## Conclusion

For the foregoing reasons, the Motion for Summary Judgment (Doc. 66) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Helregel and to close this matter.[3]

**IT IS SO ORDERED.**

**DATED:  March 28, 2024**

   STACI M. YANDLE
   United States District Judge

---

[3] All other defendants have been previously dismissed (Docs. 63, 64).